**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **COLLIS NATHANIEL HOWE,** **Petitioner,** | § | |
| | § | |
| ***v.*** | § | |
| | § | |
| **DEVERY MOONEYHAM, et al.** | § | **CASE NO. 6:26-CV-042-ADA-DNM** |
| **Respondents.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING PETITIONER COLLIS NATHANIEL HOWE'S PETITION FOR WRIT OF HABEAS CORPUS AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION [ DKT. NO. 1]**

**TO: THE HONORABLE ALAN D ALBRIGHT,**
**UNITED STATES DISTRICT JUDGE**

The Court submits this Report and Recommendation to the District Judge under United States Code Title 28, Section 636, Federal Rule of Civil Procedure 72, and Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Before the Court is Collis Nathaniel Howe's Petition for Writ of Habeas Corpus under United States Code Title 28, Section 2241, his request for a temporary restraining order, and his and preliminary injunction challenging his mandatory immigration detention. Dkt No. 1. Based on the record and the governing statutes and precedents, United States Code Title 8, Section 1225(b)(2)(A) statutorily authorizes Howe's detention as an arriving alien. Additionally, Section 1226(c)(1)(A) provides an independent basis for Howe's continued detention because he is an alien who has committed multiple crimes of moral turpitude. The Court therefore **RECOMMENDS** that the District Judge **DENY** Howe's habeas petition and request for injunctive relief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Howe is a native of Montserrat and citizen of the United Kingdom who was admitted to the United States as a Lawful Permanent Resident (LPR) on July 10, 1979. Dkt. No. 1 at 5; Dkt. No.

3-2. On December 8, 2009, he was convicted of 12 counts of credit card forgery, two counts of credit card fraud, and two counts of credit card theft. Dkt. No. 3-2 at 3.

### *A. Arrival and current removal proceedings*

On December 26, 2025, Howe arrived at George Bush Intercontinental Airport in Houston, Texas, on a flight from San José del Cabo, Mexico. Dkt. No. 1 at 5; Dkt. No. 3-2 at 2. He presented a United Kingdom passport and a valid LPR card and sought admission as a returning LPR. Dkt. No. 1 at 5; Dkt. No. 3-2 at 2. The Customs and Border Patrol Officer's subsequent inspection revealed Howe's multiple criminal convictions. Dkt. No. 3-2 at 3. Immigration officials then took him into custody, where he remains.

Howe received a Notice to Appear charging him as an arriving alien inadmissible because of his convictions. Dkt. No. 3-1 at 1. An accompanying narrative also cites the convictions and states he is inadmissible on that ground. Dkt. No. 3-2 at 2-4. Howe is currently in removal proceedings. An immigration judge issued a scheduling order setting an evidentiary deadline of July 1, 2026, and a final master calendar hearing was set for July 15, 2026. Dkt. No. 5.

### *B. Habeas petition and government response*

Howe alleges that the Government unlawfully seized and continues to detain him. He seeks immediate release or, alternatively, a bond hearing. Dkt. No. 1. Howe's petition argues that he is being improperly detained under Section 1225 because that provision applies only to arriving aliens at the border and not to interior residents. *Id.* He claims to be an interior resident because he has lived openly in the United States for decades. *Id.* He also argues that his detention violates the Fourth Amendment because it is warrantless and unsupported by statutory authority, and because there has been no bond hearing or neutral determination of detention authority. *Id.*

The federal respondents answered that Howe is an arriving alien subject to mandatory detention under Section 1225(b)(2)(A) because he applied for admission at a port of entry and was

detained at that port of entry without having been paroled into the United States after he was found inadmissible for crimes involving moral turpitude. Dkt. No. 3. They argue that Section 1225(b)(2)(A) detention of arriving aliens comports with due process as applied to Howe. *Id.*

## II. LEGAL STANDARD

Section 1225(b)(2)(A) provides that, if an immigration officer determines that an alien who is "an applicant for admission" is not clearly and beyond a doubt entitled to be admitted, the alien "shall be detained" for a removal proceeding under Section 1229a. Regulations define "arriving alien" to mean "an applicant for admission coming or attempting to come into the United States at a port-of-entry," and clarify that an alien remains an "arriving alien" even if paroled and even if parole is later terminated. 8 C.F.R. § 1.2. The Fifth Circuit, in *Buenrostro-Mendez v. Bondi*, held that Section 1225(b)(2)(A) unambiguously applies to all "applicants for admission," including aliens who entered without inspection and are later apprehended in the interior, and confirmed that such aliens are subject to mandatory detention during Section 1229a proceedings. 166 F.4th 494, 504 (5th Cir. 2026).

### *A. Fifth Circuit Treatment of § 1225(b)(2)(A) Detention*

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit resolved Section 1225(b)(2)(A)'s meaning in the Government's favor, holding that the provision applies to all "applicants for admission," including those apprehended in the interior. *Id.* at 504–08. The Fifth Circuit rejected the argument that Section 1225(b)(2)(A)'s language limits its applicability to only initial border-crossing contexts. *Id.* at 508. Subsequent district decisions within the Fifth Circuit—including cases like *Rodríguez v. Ortega* and *Moncebais v. Bondi*—have accepted *Buenrostro*'s statutory construction but addressed whether the resulting mandatory detention regimes comport with the Fifth Amendment when applied to various categories of non-criminal applicants for

admission. *See, e.g.*, *Rodríguez v. Ortega*, 180 F.4th 702, 721, 724 (5th Cir. 2026), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.).

In *Moncebais v. Bondi*, discussed here as an example when so many other similar cases could be used, the Southern District of Texas granted habeas relief to a longtime, non-criminal El Salvadoran national detained under Section 1225(b)(2)(A) as an applicant for admission, holding that his prolonged detention without any opportunity for a bond hearing violated procedural due process. No. 5:26-CV-268, 2026 WL 1862153 (S.D. Tex. March 27, 2026). The court expressly distinguished the Supreme Court's opinion in *Demore v. Kim*, 538 U.S. 510 (2003), and emphasized that the petitioner had lived in the United States for over 30 years, had no criminal history, and that Congress had not identified non-criminal applicants for admission as a category warranting across-the-board no-bond detention. *Id.* at * 8–9.

Similarly, *Rodríguez v. Ortega*—a Fifth Circuit appeal from multiple district-court orders—did not involve apprehension at a port of entry and addressed challenges by non-criminal applicants as principally procedural due process claims. 180 F.4th at 724–25. Those authorities, however, expressly treat non-criminal applicants differently from criminal aliens subject to Section 1226(c) and do not suggest that criminal history is irrelevant to the permissibility of mandatory detention. *Id.* at 721–23. Importantly, *Rodriguez* is not binding considering the Fifth Circuit's decision to hold an *en banc* hearing on that matter. *See Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (mem.).

***B. Section 1226(c) detention of criminal aliens***

Section 1226(c) provides an alternative basis for detention because it requires the Attorney General to "take into custody" any alien who is inadmissible based on certain criminal offenses, including crimes involving moral turpitude. The Supreme Court in *Demore v. Kim* upheld the constitutionality of Section 1226(c) as applied to an LPR, concluding that Congress may require

detention of an LPR convicted of certain classes of crimes to address the serious problems of recidivism and flight. 538 U.S. 510, 528–31 (2003). The Court distinguished its earlier decisions involving different statutory bases for detention, emphasizing that Section 1226(c) detention is (1) time-limited to the duration of removal proceedings; and (2) supported by congressional findings that a substantial percentage of deportable criminal aliens released on bond either reoffend or fail to appear. *Id.* at 527–28. *Demore* thus recognizes that mandatory, no-bond detention of certain criminal aliens pending removal proceedings is constitutionally permissible. *Id.* at 529–31.

In *Demore*, the Supreme Court considered the situation presented by Hyung Joon Kim, an LPR who came to the United States from South Korea as a child. *Demore*, 538 U.S. at 513. In 1996, Kim was convicted of first-degree burglary. *Id.* In 1997, he was convicted of petty theft with priors. *Id.* INS sought to deport Kim because of these convictions. *Id.* Under Section 1226(c), INS held Kim in civil detention without offering him a bond hearing. *Id.* at 513–14. Kim filed a habeas petition arguing that mandatory detention without an individual assessment of his danger to society or a flight risk violated his Fifth Amendment due process rights. *Id.* at 514. The Supreme Court disagreed. *Id.* at 531. It held that the Government may detain certain criminal noncitizens during their removal proceedings without a bond hearing, even if an LPR who had been in the country for many years. *See id.* In doing so, the Supreme Court held that Congress has broad authority over immigration and may reasonably detain deportable noncitizens. *See id.* at 521–22. The explicit Congressional findings regarding recidivism and risk of flight for noncitizens with criminal convictions used as the basis for enacting Section 1226(c) were sufficient to support detention without a bond hearing under the statute. *Id.* at 518–22.

## III. ANALYSIS

Howe's position is distinguishable from the petitioners in cases like *Moncebais* and *Rodriguez* because immigration authorities stopped him upon his arrival at a port of entry. His position is like Kim's because he was an LPR with multiple convictions for crimes of moral turpitude that subject him to Section 1226(c). Consequently, he is not currently entitled to the relief he seeks.

The record establishes that Howe arrived at George Bush Intercontinental Airport from Mexico on December 26, 2025. He presented a United Kingdom passport and LPR card and applied for admission as a returning LPR. Dkt. Nos. 3-1, 3-2. The Government charged him as inadmissible under United States Code Title 8, Section 1182(a)(2)(A)(i)(I). *Id.*

Section 1225(b)(2)(A) provides that an applicant for admission whom an immigration officer determines is not "clearly and beyond a doubt entitled to be admitted" "shall be detained" for proceedings under Section 1229a. Howe was detained during inspection after he arrived from abroad and applied for admission at a port of entry. His long residence in the United States does not change those facts. Section 1225(b)(2)(A) therefore authorizes his detention.

Furthermore, *Buenrostro-Mendez* forecloses Howe's argument that Section 1225(b)(2)(A) cannot apply to him because of his long-term residence and claimed "interior" status. The Fifth Circuit has specifically held that Section 1225(b)(2)(A) applies to all "applicants for admission," and ICE treated Howe as an applicant for admission at the moment he presented himself at the Houston port of entry—not when he was somewhere in the interior of the United States. He was, in fact, arriving at a port of entry no matter how that term is defined. Accordingly, the District Judge should deny Howe's petition to the extent that it asserts that the Government lacks statutory authority to detain him under Section 1225(b)(2)(A).

The result is the same if Section 1225(b)(2)(A) is ultimately determined not to govern Howe's custody. Section 1226(c)(1)(A) requires the Attorney General to take into custody an alien who is inadmissible because of an offense covered by Section 1182(a)(2). ICE charged Howe as inadmissible under Section 1182(a)(2)(A)(i)(I) based on his multiple convictions. Dkt. Nos. 3-1, 3-2. Thus, on the present record, Section 1226(c)(1)(A) supplies an alternative basis for detention.

*Demore* recognizes that Congress may require detention without an individualized bond determination for criminal noncitizens that Section 1226(c) covers during the period necessary for removal proceedings. 538 U.S. at 528–31 (2003). Howe's proceedings remain pending, and the immigration court has set a final master-calendar hearing for July 15, 2026. Dkt. No. 5. The current record does not show unreasonable delay.

Howe's Fourth Amendment argument rests on the premise that he was arrested in the interior. The record instead shows that he was detained during inspection after arriving from Mexico and applying for admission at the Houston airport. Dkt. Nos. 3-1, 3-2. He has not shown that the detention is unauthorized under Section 1225(b)(2)(A) or Section 1226(c)(1)(A). He therefore has not established a likelihood of success on the merits and is not entitled to a temporary restraining order or preliminary injunction.

## CONCLUSION AND RECOMMENDATION

The record shows that Howe was detained as an arriving alien detained at a port of entry under United States Code Title 8, Sections 1225(b)(2)(A) and 1226(c)(1)(A) based on multiple convictions for crimes involving moral turpitude, and that his removal proceedings are actively progressing. Under *Buenrostro-Mendez*, the Government has statutory authority to detain Howe under Section 1225(b)(2)(A). Under *Demore* and related authority, categorical, no-bond detention of criminal aliens pending completion of removal proceedings does not violate the Fifth Amendment's Due Process Clause. Recent district-court decisions granting relief to non-criminal

applicants for admission detained under § 1225(b)(2)(A) do not alter that conclusion as applied to Howe, who was detained at a port of entry and whose convictions for crimes involving moral turpitude place him in the class for whom mandatory detention is constitutionally permissible.

The Court therefore **RECOMMENDS** that the District Judge **DENY** Howe's petition for writ of habeas corpus under United States Code Title 28, Section 2241, his motion for temporary restraining order and preliminary injunction, and his motion seeking an order for a bond hearing, each without prejudice to any future as-applied due process challenge Howe might raise if his detention becomes unreasonably prolonged or if material changes in circumstances occur.

## **OBJECTIONS**

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(l)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** this 14th day of September, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE